## JOSÉ AVALO SANCHEZ

*v.*

## CONCEPCION VEVE ET AL.

---

San Juan, Law, No. 480.

EJECTMENT.

1. Plaintiff brought suit for 138 cuerdas of land. He had previously mortgaged to defendant's decedent 400 cuerdas at or near the same place, and the same were sold at execution sale to mortgagee. Held: That if the 138 cuerdas were part of the 400, then plaintiff was estopped from claiming them.

2. The jury must consider the descriptions contained in the mortgage and the other documentary proof and the surrounding facts and situation of the parties.

3. The parties to a mortgage or conveyance are bound by the recitals thereof; but ambiguities therein may be explained by evidence *aliunde*.

4. Verbal testimony cannot be used to vary the contents of a written instrument when these are plainly expressed.

Sanchez v. Veve.

5. If plaintiff was in possession of the land mortgaged when he mortgaged it, other land of his cannot be appropriated by mortgagee, vendee at the execution sale, to make up for parts of the mortgaged premises appropriated by strangers.

6. If, when plaintiff mortgaged the land, he did not own the number of cuerdas called for within the boundaries set out in his mortgage, then after-acquired title by plaintiff, to other lands within the same boundaries, inured to the benefit of the mortgagee to the extent of the land mortgaged.

7. Plaintiff must recover on the strength of his own title.

Case tried November 18, 1908.

———

*Mr. Henry F. Hord,* attorney for plaintiff.

*Mr. J. A. Poventud, Mr. H. S. Belaval, Mr. J. de Guzman Benitez,* and *Messrs. Hartzell & Rodriguez Serra,* attorneys for defendants.

Instructions by RODEY, Judge:

The facts in the case sufficiently appear from the instructions.

RODEY, Judge, omitting the formal parts, gave the following instructions to the jury:

This is an action at law in ejectment for the recovery of land and damages, brought by the plaintiff, who alleges himself to be a subject of the King of Spain, but a resident of Porto Rico, against about thirteen persons—men, women, and children—as defendants, all alleged to be citizens and residents of Porto Rico, whose names are set out in the complaint, and who are alleged to be the succession or heirs of one Maria Diaz, the widow of

Sanchez v. Veve.

·one Veve. It is this diversity of citizenship between the parties, coupled with the amount involved, that gives this court jurisdiction to try the case.

Although the court presumes that such would be your sentiment anyway, still it instructs you that the citizenship of the parties as such, while necessary to give jurisdiction to this court, must cut no figure in the rights of the parties in your minds. They are entitled to exactly equal rights before the law and before this court, and their nationality must not weigh one jot in the determination of their rights. Neither must any occurrence at the trial affect you in any way, but the rights of the parties must be, under your oaths and the law, decided by you fairly and impartially on the facts as you have heard them here upon the stand, and as you may gather them from the pleadings and the exhibits, and the law as contained in these instructions to you. No juror is permitted, during the deliberations, to testify in the cause, for that is what any statement involving a fact not testified to, by any juror to others, would be. The other side has no opportunity to cross-examine such a juror; hence, courts caution juries against statements of exterior alleged facts, made by the one to the other.

The land he describes and seeks to recover consists of four separate tracts, containing respectively 3 cuerdas, 6 cuerdas, $4\frac{1}{2}$ cuerdas, and $124\frac{3}{4}$ cuerdas, or, in all, $138\frac{1}{4}$ cuerdas, as follows:

(1) A tract of land containing 3 cuerdas, purchased from Doña Josefa Quiñones, by private document, and bounded as follows: On the north by the hacienda Bello Sitio; on the south by the lands of the Succession Westen; on the east by the Caño de la Henea; and on the west by lands of José Lopez.

(2) Another tract of 6 cuerdas, purchased from Don José

Manuel Flores, with the houses thereon, bounded on the north and south by the hacienda Bello Sitio; on the east by the old road leading to the hacienda Convento; and on the west by the Caño de la Henea.

(3) Another tract of 4½ cuerdas, purchased by private document from D. Avelino Rexach, and bounded on the north by the hacienda Convento, and on the south, east, and west by the hacienda Bello Sitio.

(4) Another tract of 124¾ cuerdas, acquired by purchase from D. Andres Avelino Sauri, by private document, which sale was later ratified by public instrument before the notary of Humacao, Don José Maria Cuadra, bounded as follows: On the north of the hacienda Convento; south by lands of Pascual Peres and the tract called "Aldea;" and east and west by the hacienda Bello Sitio.

The court instructs you that the main issue herein is the question as to whether or not the plaintiff included in his mortgage to the widow Veve, the whole or any portion of the land he is now suing for here; and if you believe, from a preponderance of the evidence, that he did so, and that the widow Veve believed that he did so, and that he knew or ought to have known that she believed so, then he is estopped, and cannot claim the land from her or her heirs in this suit.

You are further instructed that, in determining this fact, you may look to the description the plaintiff put in his mortgage, and to all the documents or papers to which that mortgage referred, that are in evidence before you, and consider all the surrounding facts as to the situation of the property and the parties at the time. If you find, from a preponderance of the evidence, that the plaintiff did not include the whole or

Sanchez v. Veve.

any of the tracts of land he is now suing for, in his mortgage, and that the widow Veve knew that he did not so include the same, or ought to have known it, and that she, in fact, received in the mortgage all the land mentioned therein, then the plaintiff is entitled to recover that land or such portion thereof in this suit as you may believe, from a preponderance of the evidence, was not so included in plaintiff's mortgage, together with damages for the taking of any property therefrom, and the rental value thereof to the date of your verdict.

You are warned not to be confused by the amount of litigation that may have taken place between these parties in other courts. The facts, as developed in this cause, are what must guide you, but, of course, in determining what such facts are, you may resort to all the records that have been introduced before you to enable you to do so.

You are instructed that the parties to a mortgage or conveyance are bound by the recitals thereof, the seller as much as the buyer, the mortgagor as much as the mortgagee; but, if there is ambiguity in the description of the land, as to what it includes or does not include, then you may resort to all the evidence in the case to determine what the parties understood or intended should be included in or excluded from such conveyance or mortgage.

You are further instructed that, in a plain suit at law, verbal testimony can never be introduced to vary the terms of a written instrument if the language of that instrument is plain and unambiguous, and it is only in the latter case that courts and juries may look to the surrounding facts and circumstances, as developed in the evidence, to determine what the parties meant.

You are instructed that, if you believe, from a preponderance

of the evidence, that when plaintiff made the mortgage to the widow Veve, he was then in possession of a tract of land he had purchased from one Monserrate Garcia, and that said tract then contained 400 cuerdas of land, then you must find, under the language of the descriptive clause of the mortgage, that he did not convey to her any of the tracts he now sues for, and it will make no difference that others may have appropriated portions of that 400 cuerdas thereafter during the turmoil and litigation that took place in after years, if you shall so believe, because, having been in possession of that land at the date of the mortgage, he would not be required to make it up later, as he had fulfilled his contract once, nor would any shortage occurring at the foreclosure justify any court or any marshal or sheriff in putting the purchaser at the foreclosure in possession of any other lands of the plaintiff not included in his mortgage to the widow Veve.

You are further instructed that, if you believe, from a preponderance of the evidence, that, at the time the plaintiff made the mortgage to the widow Veve, the land which he purchased from Monserrate Garcia did not in fact contain 400 cuerdas, or that some portion had been taken from him in the meantime, and that he was not then in possession of that number of cuerdas, then you are further instructed that, if he afterwards before the foreclosure acquired other lands within the outer boundaries as set out in his mortgage, adjoining the tract he originally owned, and which would be required to make up the 400 cuerdas he mortgaged, and which he had good reason to believe, and did believe, were included in the mortgage he made to defendants' ancestor, then the law will hold that such land is included, and, in such case, you should find for the defendants here, to any extent necessary to make up the full quantity of land.

But you are further instructed that, if he had the 400 cuerdas when he made the mortgage, and adjoining owners appropriated portions of it after he was deprived of possession of it, and before or after the widow Veve or her heirs got it on execution sale, then plaintiff cannot be held here in this sort of a suit to make up the required number of cuerdas a second time, because, if the widow Veve's mortgage covered 400 cuerdas of land when made, that plaintiff then had outside of what he now sues for, she had the right to follow that mortgaged land against all trespassers, and the plaintiff is relieved, and she could not permit trespassers to keep or since take it from her, and then endeavor to take other land of plaintiff in lieu thereof.

You are instructed that the burden of proof is always upon a plaintiff, and after a plaintiff makes out a prima facie case, it devolves upon the defendant to disprove the same; but a plaintiff recovers upon the strength of his own title, and not upon the weakness of that of a defendant.

You are further instructed that a preponderance of the evidence in any case does not necessarily mean the side that has the more exhibits, maps, or witnesses, but it means the side that, in your minds, as reasonable men, has the truth with it, based upon the evidence in the cause.